UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHECKS ACIEK ATENY NAI,

      Plaintiff,

v.

NATIONAL ASSET MORTGAGE, LLC, et al.,

      Defendants.

_____/

Case No. 1:24-cv-666

HON. JANE M. BECKERING

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Checks Aciek Ateny Nai initiated this action by filing a Complaint alleging that Defendants National Asset Mortgage, LLC ("NAM"); BAT Holdings Eight, LLC; Homi Holdings, LLC; and US Home Rentals, LLC violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617, and various state laws by "mismanage[ing] Plaintiff's escrow account for the subject property by failing to pay the required property taxes in a timely manner, which resulted in Plaintiff being charged fees and penalties" (*see* Mem. Op. & Or., ECF No. 127 at PageID.779).

On February 25, 2026, the Court entered an Order to Show Cause as to "why sanctions should not be imposed" for Defendant NAM's "misrepresentation of the language of 12 U.S.C. § 2614 in both Defendant's Brief in Support of its Motion for Summary Judgment (ECF No. 117 at PageID.642) and its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 132 at PageID.826)" (*see* OTSC, ECF No. 144, citing FED. R. CIV. P. 11).  On March 6, 2026, Defendant NAM filed a response admitting that counsel had misrepresented the text of the statute in both briefs (*see* OTSC Resp., ECF No. 146 at PageID.875).  Defendant NAM's quotation

materially altered the statute's plain meaning (*see* OTSC, ECF No. 144).  Defendant NAM argues

that its counsel submitted the fabricated quotations as a result of "inadvertent error" and requests

permission to strike the relevant portions of the two briefs in question (*see id.* at PageID.877).

Federal Rule of Civil Procedure 11 requires lawyers or unrepresented parties to certify that

their "claims, defenses, and other legal contentions are warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new

law." FED. R. CIV. P. 11(b)(2)–(3).  "If, after notice and a reasonable opportunity to respond, the

court determines that [Rule 11] has been violated, the court may . . . impose an appropriate sanction

upon the attorneys, law firm, or parties that have violated [Rule 11] or are responsible for the

violation." FED. R. CIV. P. 11(c)(1).  Whether to impose sanctions under "Rule 11 is a matter of

judicial discretion." *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL

3400714, at \*14 (E.D. Mich. July 11, 2014) (collecting federal authorities).

"[T]he test for imposition of Rule 11 sanctions is whether the [party]'s conduct was

reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir.

1997).  "Rule 11 sanctions may be imposed regardless of whether an error was made in good or

bad faith." *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025

WL 2105286, at \*2 (E.D. Mich. July 28, 2025).[1]  "[T]here is no requirement that a full evidentiary

hearing be held before imposing sanctions. All that is required is that the party be given notice and

an opportunity to be heard." *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied

Craftworkers*, Loc. 9, 687 F.3d 744, 752 (6th Cir. 2012) (cleaned up).

---

[1] *Accord Pittman v. Mich. Corr. Org., SEIU, Local 526*, 123 F. App'x 637, 641 (6th Cir. 2005) ("While he continues to maintain that these claims are not barred by res judicata, his subjective belief will not prevent imposition of Rule 11 sanctions"); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions"); *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir. 1987) (same).

Courts routinely impose Rule 11 sanctions for the submission of fabricated authority.[2] The conduct at issue in this case is particularly troubling given that Plaintiff Nai alerted Defendant NAM to the inaccuracy of its quotations months prior to the Court's entry of the Order to Show Cause (*see* Pl. Reply, ECF No. 137 at PageID.854, stating "NAM misstates the accrual rule under 12 U.S.C. § 2614. The statute begins to run upon 'the occurrence of the violation,' not the 'first occurrence', as stated in their brief."). Defendant NAM nevertheless failed to file a notice of supplemental authority, amend its submissions, or otherwise inform the Court that it had misrepresented the text of the relevant statute. That was a grave mistake.

The Advisory Committee Notes applicable to Rule 11 indicate that the Court should consider the following questions in determining whether to impose sanctions:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*See Rose v. Washington*, No. 2:16-CV-00242, 2021 WL 3177307, at *2 (W.D. Mich. June 28, 2021), *aff'd*, No. 21-2764, 2023 WL 9316268 (6th Cir. Nov. 1, 2023). Here, Defendant NAM does not appear to have engaged in a "pattern" of falsifying authority, although counsel is placed on notice that any misrepresentation of applicable law in the future will not be viewed as an

---

[2] *See, e.g.*, *Lothamer Tax Resolution v. Kimmel,* Case No. 1:25-cv-579, ECF No. 184 (W.D. Mich. December 1, 2025) (imposing Rule 11 sanctions to address "briefs . . . riddled with incorrect citations"); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025) ("Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court."); *Dehghani v. Castro*, 782 F. Supp. 3d 1051, 1057 (D.N.M. 2025) (concluding that the submission of fabricated authorities violates Rule 11); *Ferris v. Amazon.com*, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025) ("Mr. Ferris violated Rule 11 by submitting false citations to the Court—first, in his complaint; then, after being put on notice by Defendant, in his subsequent filings.").

"isolated incident." *See id.*  As to whether Defendant NAM or its counsel have "engaged in similar conduct in other litigation," the Court has searched for the names "National Asset Mortgage" and counsel "Matthew R. Reinhardt," in combination with the word "sanction," and the Court has not identified other similar sanctions proceedings.  *See id.*  The Court notes that the fabricated quotation—although material as to the applicable statute of limitations—did not "infect" the remainder of Defendant NAM's briefing.  *See id.*  The Court further notes that both parties offered only a brief discussion of the statute of limitations, and thus Defendant NAM's fabricated quotation did not result in the expenditure of significant "time or expense" by the parties.  *See id.*

That said, Defendant NAM and its counsel have rendered the question of whether to impose sanctions a close one by failing to correct the quotations at issue even after Plaintiff Nai expressly informed them that they had misrepresented controlling authority to the Court.  The Court is also mindful of the need to "deter" repetition of this conduct both "in the same case" and by "other litigants." *See id.*  On balance—after careful consideration of the record, relevant authorities, and Defendant NAM's request to strike the citations at issue—the Court will consider the Order to Show Cause satisfied and decline to impose sanctions under Rule 11.

Accordingly:

**IT IS HEREBY ORDERED** that the Order to Show Cause (ECF No. 144) has been satisfied and the Court declines to impose sanctions under Federal Rule of Civil Procedure 11.

Dated: March 11, 2026                                             /s/ Jane M. Beckering
                                                                           JANE M. BECKERING
                                                                           United States District Judge